Burgos-Guzman v. Blanche

BIA
Perl, IJ
A220 598 845/240 477 964

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand twenty-six.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

MAYRA CAROLINA BURGOS-GUZMAN, M.D.B.P.,

> *Petitioners,*

v.

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,

> *Respondent.* *

24-373
NAC

_____

* The Clerk of Court is respectfully directed to amend the official caption as set forth above to omit the name of Petitioner Burgos-Guzman's minor child. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General

_____

FOR PETITIONERS:                    Bruno J. Bembi, Hempstead, NY.

FOR RESPONDENT:                  Brian M. Boynton, Principal Deputy Assistant
                                                  Attorney General; Erica B. Miles, Assistant
                                                  Director; Christopher G. Gieger, Trial
                                                  Attorney; Office of Immigration Litigation,
                                                  Civil Division, United States Department of
                                                  Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioners Mayra Carolina Burgos-Guzman and her minor child, natives

and citizens of Ecuador, seek review of a decision of the BIA affirming a decision

of an Immigration Judge ("IJ") denying her application for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT").[1] *In re*

---

Todd Blanche is automatically substituted for former Attorney General Pamela
Bondi as Respondent.

[1] Burgos-Guzman has abandoned review of her CAT claim: She did not challenge
the IJ's denial of it on appeal to the BIA, the BIA deemed it waived, and she does
not raise it here. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We
consider abandoned any claims not adequately presented in the appellant's brief,
and an appellant's failure to make legal or factual arguments constitutes
abandonment.") (internal quotation marks omitted).

*Mayra Carolina Burgos-Guzman, et al.*, Nos. A220 598 845/240 477 964 (B.I.A. Jan. 24, 2024), *aff'g* Nos. A220 598 845/240 477 964 (Immigr. Ct. N.Y.C. Oct. 18, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

An applicant for asylum and withholding of removal "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (holding that asylum's "one central reason" standard applies to withholding of removal claims). "General violence . . . does not constitute persecution, nor can it form a basis for petitioner's well-founded fear of persecution." *Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999). The applicant has the burden to establish both the existence of a particular social group and to show that her membership in the group "is the reason she has been persecuted and the reason she fears future persecution." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

To constitute a "particular social group," a group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Hernandez-*

3

*Chacon v. Barr*, 948 F.3d 94, 101 (2d Cir. 2020) (internal quotation marks omitted). In addition, "an applicant's status as a member of a particular social group . . . must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022). "Whether the requisite nexus exists depends on the views and motives of the persecutor." *Paloka*, 762 F.3d at 196–97 (internal quotation marks omitted). An applicant "must provide *some* evidence . . . direct or circumstantial" to establish the persecutor's motive. *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992).

We review *de novo* the BIA's determination of whether a proposed group is cognizable as a "particular social group," *Paloka*, 762 F.3d at 195, and we review the BIA's nexus determination for substantial evidence, *Edimo-Doualla v. Gonzalez*, 464 F.3d 276, 282–83 (2d Cir. 2006). Under the substantial evidence standard, "we must uphold agency factfinding 'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Here, Burgos-Guzman claimed that her partner in Ecuador, who was a member of a group called Sur Oscura, committed suicide after she left him; that his fellow members of Sur Oscura blamed her for his death; and that she feared

4

harm at the hands of those members if she remained in Ecuador. Thus, Burgos-Guzman argued before the agency that she was targeted as a member of three particular social groups, which she characterized as (1) Ecuadorian women viewed as property by virtue of their position in a domestic relationship, (2) Ecuadorian women who are former domestic partners of Sur Oscura members, and (3) Ecuadorian women who refused to continue in a domestic partnership with Sur Oscura members. The IJ rejected her arguments, and the BIA affirmed.

We have reviewed the IJ's decision as modified by the BIA, minus the grounds for the denial of relief that the BIA did not rely on. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). As relevant here, the BIA denied Burgos-Guzman's application for asylum and withholding of removal on two bases: (1) that she was not a member of a "particular social group"; and (2) that, in any event, she failed to demonstrate a nexus between the alleged harm to which she was subject and the particular social groups to which she claimed to belong.

*First*, we discern no error in the BIA's rejection of Burgos-Guzman's claim that she was part of a cognizable social group. With respect to the first alleged group—Ecuadorian women viewed as property because they are in a domestic relationship—the BIA agreed with the IJ's conclusion that Burgos-Guzman was no

longer (and Ecuadorian society would no longer regard her as) a member of that putative group because her partner had died. We, in turn, agree with the BIA's conclusion. As the BIA explained, the "record evidence in this case does not establish that *Ecuador[i]an society in general* views women as property by virtue of their membership in a domestic relationship once the partners of these women have died." Certified Admin. R. at 4 (emphasis added). Accordingly, even assuming (without deciding) that this first proffered group could be cognizable, substantial evidence supported the BIA's conclusion that Burgos-Guzman is not a member of it.

The BIA also affirmed the IJ's determination that Burgos-Guzman's second and third putative social groups were not cognizable because "they lack the requisite social distinction" in Ecuadorian society "separate and apart from the persecutor's perception alone." Certified Admin. R. at 5. Burgos-Guzman relates anecdotes about the "machista" attitude of members of Sur Oscura. Pet. Br. at 9-10. But she points to no evidence in the record that undermines the BIA's conclusion that these two social groups—namely, Ecuadorian women who are former domestic partners of Sur Oscura, or who refused to continue in a domestic partnership with Sur Oscura members—are not generally recognizable as a

6

discrete group in Ecuadorian society. *See Hernandez-Chacon*, 948 F.3d at 101–02.

**[CAR 5]**  Accordingly, we do not disturb the BIA's conclusion that Burgos-Guzman failed to demonstrate that she is a member of a particular social group.

*Second*, we note that even if Burgos-Guzman had established that either of these latter two groups were cognizable, her claim would still fail.  The BIA affirmed the IJ's conclusion that any harm petitioner suffered (or feared) from Sur Oscura lacked the requisite nexus to her second two proposed social groups. Certified Admin. R. at 5 (holding that Burgos-Guzman's "fear of retaliation based upon the death of her ex-partner does not constitute persecution *on account of a protected ground*.") (emphasis added).  Instead, the BIA concluded, Burgos-Guzman had shown only that members of Sur Oscura targeted her because they blamed her personally for her partner's suicide, not because of her membership in any group.  Burgos-Guzman does not meaningfully address this determination. Accordingly, she has abandoned review of the agency's dispositive finding that she did not establish a nexus to a protected ground. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (holding that a "single conclusory sentence" is insufficient to raise an argument on appeal).

7

Finally, Burgos-Guzman raises a new argument on appeal, contending that the BIA and IJ erred by failing to find that a family is a particular social group and that her "kinship ties" were a central reason that she feared persecution. Pet. Br. at 15-16. Burgos-Guzman did not raise this argument before the agency, however, and we therefore cannot consider it. *Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court